UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES A. HARNAGE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:19cv938(AWT) |
| | : | |
| THOMAS KENNY, ET AL. | : | |
|     Defendants, | : | |

### ORDER ON MOTION FOR RECONSIDERATION

On June 18, 2019, the plaintiff, James A. Harnage, filed a complaint pro se pursuant to 42 U.S.C. § 1983 against the Connecticut Department of Correction ("DOC") and Garner Correctional Institution ("Garner") Captain Thomas Kenny, Garner Warden Anthony Corcella, former Commissioner Scott Semple, former Commissioner Rollin Cook, and Garner Warden Hannah for violating his Eighth Amendment protection against cruel and unusual punishment.  Compl. [Doc.#1].

In an Initial Review Order, the court permitted Harnage's Eighth Amendment claims to proceed against Captain Thomas Kenny, Garner Warden Anthony Corcella, former Commissioner Scott Semple, former Commissioner Rollin Cook, and Garner Warden Hannah in their individual capacities; and against Commissioner Angel Quiros and Warden Hannah in their official capacities. [Doc. #24].  However, the court dismissed the DOC as a defendant in this suit because a state agency, is not a "person" subject

to suit under 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (state and state agencies not persons within meaning of Section 1983).

Harnage has filed a motion for reconsideration of the court's order dismissing the DOC. [Doc. #32]. He maintains that he should be permitted to proceed against the DOC as a proper party on his claims for injunctive relief.

A motion for reconsideration "generally will be denied unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

As the defendants set forth in their objection [Doc. #34], Harnage may proceed with his claims for prospective injunctive relief against the official capacity parties, Warden Hannah and Commissioner Quiros, but not against the state itself as such suit would be barred by the Eleventh Amendment.  See Ex parte Young, 209 U.S. 123 (1908); Alabama v. Pugh, 438 U.S. 781, 782, (1978) (dismissing State of Alabama and Alabama from suit for

injunctive relief because "that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit."); Quern v. Jordan, 440 U.S. 332, 338-45 (1979) (Congress did not abrogate the Eleventh Amendment when it passed 42 U.S.C § 1983).

Harnage has not shown any basis for this court to reconsider its prior ruling.  Accordingly, Plaintiff's motion for reconsideration is DENIED [Doc. #32].

It is so ordered.

Signed this 22nd day of April 2021 at Hartford, Connecticut.

___/s/AWT_____
Alvin W. Thompson
United States District Judge
